UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT SILLEN, et al., ) <br> ) <br> Defendants. ) <br> _____) | CV F- 06-1255 OWW DLB P <br><br> ORDER DISMISSING COMPLAINT <br> WITH LEAVE TO AMEND |

Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's complaint filed September 13, 2006.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

     In the instant case, plaintiff brings action against Robert Sillen, Head of Medical Health Care Delivery System, N. Grannis, Chief of Inmate Appeals; P. McGuinnes, Chief Medical Offcier; G. Martinez, Health Services Adminsitrator; and G. Miller, Appeals Analyst.  Plaintiff alleges that on March 10, 2004, he was struck in the left knee with a horse shoe while on the exercise yard.  He was taken the clinic and received pain medication, crutches, ace bandage and later stronger medication after he complained.  Plaintiff states that he still suffers pain and that Dr. Snow should have ordered x-rays of his knee.  He also argues that since Warden Adams is in charge of the institution, he should have back-boards placed behind the horse show pegs to prevent injury.

     A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

     In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,

1  429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);
2  McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,
3  Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to
4  establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d
5  1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not
6  support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

7      In the instant case, plaintiff claims that the treatment he has received has been inadequate and
8  that he disagrees with the treatment that has been rendered.  This is insufficient to state a claim.
9  Plaintiff alleges that he has been treated several times by the defendant-doctors.  Plaintiff has failed
10 to allege that defendants knew of and disregarded a serious risk to plaintiff's health.  Rather, the
11 doctors rendered treatment, though plaintiff considers the treatment insufficient.

12     With respect to Warden Adams, plaintiff fails to state a claim for supervisory liability.
13 Supervisory personnel are generally not liable under section 1983 for the actions of their employees
14 under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial
15 position, the causal link between him and the claimed constitutional violation must be specifically
16 alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438,
17 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie case of supervisory
18 liability, plaintiff must allege facts indicating that supervisory defendants either: personally
19 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
20 act to prevent them; or promulgated or implemented a policy "'so deficient that the policy itself "is a
21 repudiation of constitutional rights" and is "the moving force of the constitutional violation."'"
22 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
23 1989).  As discussed above, plaintiff has not alleged facts to indicate an underlying violation of his
24 constitutional rights, therefore, there can be no claim of supervisory liability against Warden Adams.

25     In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court
26 will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure
27 the deficiencies will result in dismissal of this action without leave to amend.

28

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
2 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
3 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
4 defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
5 affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
6 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
7 588 F.2d 740, 743 (9th Cir. 1978).

8    In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
9 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading.  This is because, as a
11 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d
12 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
13 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
14 each claim and the involvement of each defendant must be sufficiently alleged.

15    In accordance with the above, IT IS HEREBY ORDERED that:
16        1.  Plaintiff's complaint is dismissed; and
17        2.  Plaintiff is granted thirty days from the date of service of this order to file an
18 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
19 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
20 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
21 and two copies of the amended complaint; failure to file an amended complaint in accordance with
22 this order will result in dismissal of this action.

23    IT IS SO ORDERED.

24    Dated:   **August 20, 2008**            **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE