UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT,<br><br>                Plaintiff,<br><br>    v.<br><br>ROBERT SILLEN, et al.,<br><br>                Defendants. | Case No.: 1:06-cv-1255 OWW DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM AND FAILURE TO OBEY A COURT ORDER<br><br>(Doc. 13) |

I.   **Procedural History**

Plaintiff Melvin Ray Brummett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

Plaintiff filed this action on September 13, 2006. On August 21, 2008, the Court issued an order dismissing Plaintiff's complaint filed September 13, 2006 with leave to amend. Pending before the Court is Plaintiff's first amended complaint ("FAC") filed September 10, 2008.

II.  **Summary of Court's Previous Screening Order (Doc. 8).**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28
4  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
5  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
6  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

7       On August 21, 2008, this Court screened Plaintiff's original complaint (Doc. 8, "Screening
8  Order").  Plaintiff named Robert Sillen, Head of Medical Health Care Delivery System; N. Grannis,
9  Chief of Inmate Appeals; P. McGuinness, Chief Medical Officer; G. Martinez, Health Services
10 Administrator; and G. Miller, Appeals Analyst, as defendants.  Plaintiff's claims concern his medical
11 treatment.

12      In its Screening Order, the Court detailed the legal standards applicable to Plaintiff's claims
13 and identified the deficiencies with his claims (Id., p.3:7-11, 23-27).   The Court ordered Plaintiff's
14 complaint dismissed with leave to amend, to allow Plaintiff an opportunity to cure the deficiencies
15 identified.  The Screening Order stated that a failure to file an amended complaint in accordance
16 with the Court's order would result in dismissal of the action.  (Id., p.4:21-22).

17 **III.    Plaintiff's First Amended Complaint**

18      Plaintiff filed his FAC on September 10, 2008.  The Court has reviewed Plaintiff's FAC and
19 finds that the factual allegations are identical to those alleged in Plaintiff's original complaint.  (See
20 Doc. 8, pp.1-19; Doc. 13, pp.1-19).  In addition, the remainder of Plaintiff's FAC, comprised of
21 Plaintiff's exhibits incorporated by reference, contains only very minor changes to those filed with
22 his original complaint.[1]

23      The Court previously screened plaintiff's claims and outlined their deficiencies.  Plaintiff was
24 provided with leave to amend to cure those deficiencies.  Plaintiff has not attempted to do so, but has
25 essentially resubmitted his earlier complaint.  The Court is mindful that Plaintiff is incarcerated and

---

[1] Plaintiff's FAC now includes tabs separating his exhibits.  Plaintiff has also omitted one page of his previous exhibits (Doc. 1, p.76), which is of no consequence to the instant Findings and Recommendations.

1  is proceeding pro se.  However, Plaintiff cannot simply ignore the Court's order and re-file his
2  complaint, with defects left uncured.
3       Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local
4  Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
5  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
6  control their dockets and "in the exercise of that power, they may impose sanctions including, where
7  appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
8  1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
9  action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.
10 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
11 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
12 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
13 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
14 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
15 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
16 failure to lack of prosecution and failure to comply with local rules).
17      In determining whether to dismiss an action for lack of prosecution, failure to obey a court
18 order, or failure to comply with local rules, the court must consider several factors: (1) the public's
19 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
20 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
21 (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
22 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
23      In the instant case, the court finds that the public's interest in expeditiously resolving this
24 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
25 been pending since September 13, 2006.  The third factor, risk of prejudice to defendants, also
26 weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
27 unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.
28 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

1. outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a
2. party that his failure to obey the court's order will result in dismissal satisfies the "consideration of
3. alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
4. 779 F.2d at 1424. The court's order requiring plaintiff to file an amended complaint expressly
5. stated: "The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this
6. complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to
7. amend...failure to file an amended complaint in accordance with this order will result in dismissal of
8. this action." Thus, plaintiff had adequate warning that dismissal would result from his
9. noncompliance with the court's order.

### IV.    Conclusion and Recommendations

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted and for failure to obey a court order. Because Plaintiff is unwilling to correct the defects with his claims, the Court RECOMMENDS that further leave to amend not be granted.[2]

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 26, 2009              /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE

---

[2] "Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).

U.S. District Court
E. D. California