# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR, | CASE NO. 1:06-cv-001255 OWW DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE A THIRD AMENDED COMPLAINT OR NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY AGAINST DEFENDANTS DOE 1 AND DOE 2 |
| v. | |
| ROBERT SILLEN, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |
| | (Doc. 19) |
| _____/ | |

## I.    Procedural Background

Plaintiff Melvin Ray Brummett Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 13, 2006.  On February 27, 2009, the Court issued a Findings and Recommendations recommending that this action be dismissed for failure to state a claim and failure to obey a court order.  Plaintiff filed an objection on March 16, 2009.  (Doc. 17.)  In light of an error in the prior screening order, the Findings and Recommendations were vacated, and the Court screened and dismissed Plaintiff's first amended complaint with leave to amend. (Doc. 18.) Plaintiff was ordered to file a second amended complaint within thirty days.  On June 10, 2009, Plaintiff filed a second amended complaint, which is subject to the Court's screening below.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.

**III.    Summary of Plaintiff's Second Amended Complaint**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, where the events giving rise to this action occurred.  Plaintiff names Chief Medical Officer P. McGuinness, Appeals Analyst G. Miller, Registered Nurse Doe 1, and Head Pharmacist Doe 2 as defendants.  Plaintiff alleges deliberate indifference in violation of the Eighth Amendment of the United States Constitution and negligence.

**A.    Eighth Amendment Medical Care Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

2

1   deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

2   (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

3   Cir. 1997) (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a

4   purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

5   by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).   Deliberate indifference may be

6   manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

7   it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin

8   at 1060 (internal quotations omitted)).   Where a prisoner is alleging a delay in receiving medical

9   treatment, the delay must have led to further harm in order for the prisoner to make a claim of

10  deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd.

11  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

12          "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060

13  (9th Cir. 2004).   "Under this standard, the prison official must not only 'be aware of the facts from

14  which the inference could be drawn that a substantial risk of serious harm exists,' but that person

15  'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).   "'If a prison official

16  should have been aware of the risk, but was not, then the official has not violated the Eighth

17  Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada,

18  290 F.3d 1175, 1188 (9th Cir. 2002)).

19          "A difference of opinion between a prisoner-patient and prison medical authorities regarding

20  treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

21  1981) (internal citation omitted).   To prevail, plaintiff "must show that the course of treatment the

22  doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this

23  course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90

24  F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

25          **I.     Allegations Against Defendants McGuinness and Miller**

26          Plaintiff states that he suffers from severe neck and back pain, involuntary muscle spasms

27  and migraine headaches, for which he requires medication.   Plaintiff alleges that defendant

28  McGuinness interviewed Plaintiff on August 3, 2005 regarding Plaintiff's inmate appeals.   Plaintiff

3

informed defendant McGuinness that he was unable to have his prescribed medications refilled for weeks at a time, that he was not able to see a doctor for renewal after the medications had expired despite having submitted numerous health care service request forms, and that his request forms were being disposed of by the facility nurses and medical technical assistants.  Plaintiff further informed defendant McGuinness that he suffered extreme pain as a result of the lack of medication.  Plaintiff alleges that defendant McGuinness failed to take any steps to correct or improve Plaintiff's medical care, and that although defendant McGuinness granted Plaintiff's medical appeals, he nonetheless failed to take any meaningful action to abate Plaintiff's extreme pain and suffering, and never followed up to make sure that Plaintiff was receiving his medication.

With respect to defendant Miller, Plaintiff alleges that defendant Miller is responsible for ensuring that inmate grievances concerning medical treatment are addressed as early as possible.  Plaintiff states that defendant Miller interviewed Plaintiff regarding one of Plaintiff's 602 grievances on May 5, 2006 and signed Plaintiff's appeal bearing Appeal Log No. SATF-E-06-1152.  Plaintiff alleges that during the interview, defendant Miller acknowledged Plaintiff's pain from his migraines, but told Plaintiff to deal with the pain "like a real man".  Plaintiff alleges that defendant Miller did nothing other than grant in part or in full his appeals.  Plaintiff alleges that like defendant McGuinness, defendant Miller also failed to follow up to ensure that Plaintiff was receiving his medication.  Plaintiff also alleges that defendant Miller also failed to take any steps to make sure that Plaintiff was timely seen by a doctor before his prescriptions expired.

As was discussed in the Court's previous screening order, the exhibits incorporated by reference into Plaintiff's verified First Amended Complaint ("FAC") show that by way of inmate grievance bearing Appeal Log No. SATF-E-05-00879 and dated February 21, 2005, Plaintiff grieved the ineffectiveness of his current prescription, and requested a change in medication and also a foam mattress and pillow. (Doc. 13, FAC, pp. 26-28, Exh. A.)  Administrator Martinez granted Plaintiff's appeal in part at the first level of review, noting that Plaintiff would be prescribed mediation to alleviate his pain. (Id., p.34.)  Administrator Martinez noted also that Plaintiff's current medical condition did not require an orthopedic mattress or pillow.  Defendant McGuinness  interviewed Plaintiff at the second level of review on August 3, 2005, and partially granted the appeal.  Plaintiff's

4

1    request for medication to alleviate his medical concerns was granted. (Id., pp. 35-36.)

2          Regarding Plaintiff's other appeal, Defendant Miller interviewed Plaintiff at the First Level

3    of Review concerning Appeal Log No. SATF-E-06-01152 regarding his medical treatment, dated

4    March 14, 2006. (Doc. 13, FAC, pp.44-46, Exh. C; Doc. 18.)  In his appeal, Plaintiff complained

5    that he was refused his prescribed medication Darviset and Flexaril.  Plaintiff requested that he

6    receive "adequate" medication, and that the appeal be processed as an emergency appeal. (Id., p.41.)

7    On May 8, 2006,  Defendant Miller and Correctional Health Services Administrator II Martinez

8    granted in part Plaintiff's appeal at the first level, finding that Plaintiff had been evaluated by PA

9    Saylor on May 4, 2006 and prescribed Naproxen and Robaxin for his back and neck pain, and

10   Imitrex for his migraine headache. (Id., p.45.)  A follow-up was also ordered in two months.

11   Defendant Miller and Administrator Martinez further determined that Plaintiff's appeal did not

12   qualify as an emergency appeal as defined by the regulations.  Plaintiff then grieved to the Second

13   Level.  Defendant McGuinness responded on June 21, 2006, and found that for a few periods

14   Plaintiff was not prescribed medication (Naproxen) due to a prescription expiring, and granted

15   Plaintiff's request for prescription medication. (Id., pp. 51-53.)

16         Defendants Miller and McGuinness's actions in reviewing and resolving Plaintiff's prison

17   grievances do not serve as a basis for liability.[1]  Further, Plaintiff has not sufficiently alleged that

18   defendants failed to respond to his pain or possible medical need.  To the contrary, and as previously

19   discussed by the Court, the 602 grievances show that defendants responded to Plaintiff's requests

20   for medical care.  Plaintiff contends that although defendants never ruled against Plaintiff on his 602

21   grievances, they failed to ensure that their orders were followed and should have been more actively

22   involved in Plaintiff's medical care.

23         Deliberate indifference in a high legal standard, and Plaintiff has not sufficiently shown that

24

25         [1]  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon
     the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10
26   (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of
     appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.
27   2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640
     (9th Cir. 1988).  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a
28   section 1983 action.  Buckley, 997 F.2d at 495.

1   Defendants' failure to do more constitutes knowledge and disregard of an excessive risk to Plaintiff's

2   health.  Farmer, 511 U.S. at 837.  Plaintiff's allegation that neither defendant followed up to ensure

3   that their orders where complied with does not amount to deliberate indifference, nor does his

4   allegation that defendants should have done more.  Plaintiff has not sufficient pled facts showing that

5   under the circumstances, acting only to grant his inmate appeals was medically unacceptable and that

6   defendants, by so doing, were in conscious disregard of an excessive risk to plaintiff's health.

7   Plaintiff fails to state a claim for relief against defendants Miller and McGuinness.

### ii.   Defendant Doe 1 (Registered Nurse)

9   Plaintiff alleges that on February 3, 2006, defendant Doe 1 went against the Chief Medical

10   Officer's orders and took Plaintiff off his prescribed Naproxen.  When informed by Plaintiff that the

11   Chief Medical Officer had granted Plaintiff the medication, defendant Doe 1 stated that s/he did not

12   agree with the Chief Medical Officer and therefore would not renew it.  Plaintiff states that he was

13   forced to file another 602 grievance concerning defendant Doe 1's conduct.  Although the appeal was

14   granted in part several months later, Plaintiff contends that he was forced to suffer extreme pain and

15   muscle spasms in the interim.

16   Plaintiff's allegation that defendant Doe 1 took Plaintiff off his medication prescribed by the

17   Chief Medical Officer is sufficient to state a claim under section 1983 against defendant Doe 1.  Fed.

18   R. Civ. P. 8(a)(2).

### iii.   Defendant Doe 2 (Head Pharmacist)

20   Plaintiff alleges that defendant Doe 2 is the Head Pharmacist.  Plaintiff alleges that defendant

21   Doe 2 failed to timely refill Plaintiff's medication when requested, causing Plaintiff to go several

22   weeks without his medications and causing Plaintiff needless suffering.

23   Based on a liberal interpretation of Plaintiff's second amended complaint, the Court cannot

24   find that Plaintiff fails to state a cognizable claim against defendant Doe 2.

### B.   Negligence Claim

26   Finally, Plaintiff alleges a claim for negligence arising from the inadequate medical care

27   provided.  A public employee is liable for injury to a prisoner "proximately caused by his negligent

28   or wrongful act or omission."  Cal. Gov't Code § 844.6(d) (West 2009).  "In order to establish

1    negligence under California law, a plaintiff must establish four required elements: (1) duty; (2)

2    breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

3          California's Tort Claims Act requires that a tort claim against a public entity or its employees

4    be presented to the California Victim Compensation and Government Claims Board, formerly known

5    as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't

6    Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and

7    action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings

8    County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold

9    v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against

10   a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior

11   Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-

12   Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

13         Plaintiff fails to allege compliance with the Tort Claims Act. Unless Plaintiff complied with

14   the Tort Claims Act and alleges compliance, he may not proceed with his state law claim.

15   **IV.     Conclusion and Order**

16         Plaintiff's second amended complaint states a claim under section 1983 against defendants

17   Doe 1 (Registered Nurse) and Doe 2 (Head Pharmacist) for violation of the Eighth Amendment, but

18   fails to state a claim against defendants Miller and McGuinness. The Court will provide Plaintiff

19   with one final opportunity to file an amended complaint curing the deficiencies identified by the

20   Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

21         If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

22   against defendants Doe 1 and Doe 2, Plaintiff may so notify the Court in writing, and the Court will

23   dismiss defendants Miller and McGuinness. Plaintiff will then be directed to provide further

24   information to effect service of process on defendants Doe 1 and 2.

25         If Plaintiff opts to amend, his third amended complaint should be brief, Fed. R. Civ. P. 8(a),

26   but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional

27   or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as

28   true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level

1   . . . ." <u>Twombly</u>, 127 S.Ct. at 1965 (citations omitted).

2   Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

3   <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

4   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

5   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

6   complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing

7   to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at

8   1474.

9   Based on the foregoing, it is HEREBY ORDERED that:

10   1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

11   2.   Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

12   a.   File a third amended complaint curing the deficiencies identified by the Court

13   in this order, or

14   b.   Notify the Court in writing that he is willing to proceed only against

15   defendants Doe 1 (Registered Nurse) and Doe 2 (Head Pharmacist) on his

16   Eighth Amendment medical care claim and that he does not want to file an

17   amended complaint; and

18   3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to

19   obey a court order.

21   IT IS SO ORDERED.

22   Dated:   **August 2, 2009**              **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE