# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | CASE NO. 1:06-cv-01255-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| P. MCGUINNESS, et al., | (Doc. 21) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |
| _____/ | |

## Findings After Screening Third Amended Complaint

I.    **Background**

Plaintiff Melvin Ray Brummett, Jr., ("Plaintiff") is a prisoner in the custody of the

California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in

forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original

complaint on September 13, 2006. On August 21, 2008, the Court dismissed the complaint with

leave to file an amended complaint within thirty days. On September 10, 2008, Plaintiff filed his

first amended complaint. On February 27, 2009, the Court issued Findings and recommending

that the action be dismissed. On May 6, 2009, the Court vacated its February 27, 2009 Findings

and Recommendations and dismissed Plaintiff's first amended complaint with leave to amend.

On June 10, 2009, Plaintiff filed his second amended complaint. On August 4, 2009, the Court

ordered Plaintiff either to file a third amended complaint or notify the Court of his willingness to

proceed only on claims found to be cognizable in the order. On September 2, 2009, Plaintiff

1

1 filed his third amended complaint. (Doc. 21.)

2       The Court is required to screen complaints brought by prisoners seeking relief against a

3 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

5 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

6 that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

7 § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

8 paid, the court shall dismiss the case at any time if the court determines that . . . the action or

9 appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

10 1915(e)(2)(B)(ii).

11       A complaint must contain "a short and plain statement of the claim showing that the

12 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

13 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

14 conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

15 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must

16 set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

17 face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations

18 are accepted as true, legal conclusions are not. Id.

19 **II.**     **Summary of Third Amended Complaint**

20       Plaintiff is currently housed at the California Substance Abuse Treatment Facility

21 ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff

22 names as Defendants Chief Medical Officer P. McGuinness, Registered Nurse Doe 1, Head

23 Pharmacist Doe 2, and Licensed Vocational Nurse S. Kaur. Plaintiff alleges deliberate

24 indifference in violation of the Eighth Amendment and negligence.

25     **A.**     **Eighth Amendment Medical Care Claim**

26       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

27 inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

28 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).

1   The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

2   need' by demonstrating that 'failure to treat a prisoner's condition could result in further

3   significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

4   response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v.

5   Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

6   Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate

7   indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible

8   medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

9   Deliberate indifference may be manifested "when prison officials deny, delay or intentionally

10  interfere with medical treatment, or it may be shown by the way in which prison physicians

11  provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a

12  prisoner is alleging a delay in receiving medical treatment, the delay must have led to further

13  harm in order for the prisoner to make a claim of deliberate  indifference to serious medical

14  needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,

15  407 (9th Cir. 1985)).

16       "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,

17  1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the

18  facts from which the inference could be drawn that a substantial risk of serious harm exists,' but

19  that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a

20  prison official should have been aware of the risk, but was not, then the official has not violated

21  the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of

22  Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

23       "A difference of opinion between a prisoner-patient and prison medical authorities

24  regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337,

25  1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course

26  of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

27  that they chose this course in conscious disregard of an excessive risk to plaintiff's health."

28  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

1          **1.      Allegations Against Defendant McGuinness**

2          Plaintiff alleges that he filed numerous 602 grievances concerning his medical treament.

3  Plaintiff alleges that Defendant McGuinness failed to take any meaningful action to abate

4  Plaintiff's pain and suffering.  Plaintiff alleges that he informed McGuinness that his health care

5  services requests forms were being ignored by the nurses and MTAs.  Plaintiff alleges that

6  McGuinness only interviewed Plaintiff and partially granted his 602 grievances.  Plaintiff alleges

7  that partial grants of appeals are never honored or followed up on by any medical staff to insure

8  compliance.

9          The Court had previously informed Plaintiff that Defendant McGuinness's actions in

10  reviewing and resolving Plaintiff's prison grievances do not serve as a basis for liability.

11  Plaintiff has not sufficiently alleged that Defendant failed to respond to his pain or possible

12  medical need.  Plaintiff contends that McGuinness failed to ensure that the orders were followed

13  and should have been more actively involved in Plaintiff's medical care.

14          Deliberate indifference in a high legal standard, and Plaintiff has not sufficiently shown

15  that Defendant's failure to do more constitutes knowledge and disregard of an excessive risk to

16  Plaintiff's health.  <u>Farmer</u>, 511 U.S. at 837.  Plaintiff's allegation that McGuinness failed to

17  follow up to ensure that the orders where complied with does not amount to deliberate

18  indifference, nor does his allegation that Defendant should have done more.  Plaintiff has not

19  sufficiently pled facts showing that under the circumstances, acting only to grant his inmate

20  appeals was medically unacceptable and that Defendant McGuinness, by so doing, was in

21  conscious disregard of an excessive risk to Plaintiff's health.  Plaintiff fails to state a claim for

22  relief against Defendant McGuinness.

23          **2.      Allegations Against Defendant S. Kaur**

24          Plaintiff alleges that on July 1, 2009, Defendant S. Kaur discovered that Naproxen was

25  effective at relieving most of Plaintiff's pain.  Plaintiff alleges that she cancelled the prescription

26  and refused to renew it.  Plaintiff informed Defendant Kaur during the visit that Plaintiff has

27  been on Naproxen since June 2004 and had been granted numerous grievances approving it.

28  Defendant Kaur informed Plaintiff that it was up to her whether Naproxen was to be prescribed,

1  but she would check on it, even though she believed Plaintiff did not need Naproxen.

2        Plaintiff has sufficiently alleged a cognizable Eighth Amendment claim against

3  Defendant Kaur.  Plaintiff has sufficiently alleged claims indicating Defendant Kaur knew of and

4  disregarded an excessive risk to Plaintiff's health.

5                 **3.**        **Allegations Against Defendant Doe 1 (Registered Nurse)**

6        Plaintiff alleges that on February 3, 2006, defendant Doe 1 went against the Chief

7  Medical Officer's orders and took Plaintiff off his prescribed Naproxen.  When informed by

8  Plaintiff that the Chief Medical Officer had granted Plaintiff the medication, defendant Doe 1

9  stated that s/he did not agree with the Chief Medical Officer and therefore would not renew it.

10  Plaintiff states that he was forced to file another 602 grievance concerning defendant Doe 1's

11  conduct.  Although the appeal was granted in part several months later, Plaintiff contends that he

12  was forced to suffer extreme pain and muscle spasms in the interim.

13        After reviewing Plaintiff's allegations again, the Court finds that Plaintiff states a

14  cognizable claim against Defendant Doe 1.  Plaintiff has alleged sufficient claims that

15  demonstrate Doe 1 knew of and disregarded an excessive risk to Plaintiff's health.

16                 **4.**        **Allegations Against Defendant Doe 2 (Head Pharmacist)**

17        Plaintiff alleges that defendant Doe 2 is the Head Pharmacist.  Plaintiff alleges that

18  defendant Doe 2 failed to timely refill Plaintiff's medication when requested, causing Plaintiff to

19  go several weeks without his medications and causing Plaintiff needless suffering.

20        After reviewing Plaintiff's allegations, the Court finds that Plaintiff fails to state a

21  cognizable Eighth Amendment claim against Defendant Doe 2.  Plaintiff fails to allege sufficient

22  claims that demonstrate Doe 2 knew of and disregarded an excessive risk to Plaintiff's health.

23  The alleged delay in filling Plaintiff's medical prescriptions may rise to the level of negligence,

24  but does not demonstrate a subjective awareness by Doe 2 of an excessive risk to Plaintiff's

25  health.  Farmer, 511 U.S. at 837.

26      **B.**      **Negligence Claim**

27        Finally, Plaintiff alleges a claim for negligence arising from the inadequate medical care

28  provided.  A public employee is liable for injury to a prisoner "proximately caused by his

1 negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2010). "In order to

2 establish negligence under California law, a plaintiff must establish four required elements: (1)

3 duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th

4 Cir. 2003).

5      California's Tort Claims Act requires that a tort claim against a public entity or its

6 employees be presented to the California Victim Compensation and Government Claims Board,

7 formerly known as the State Board of Control, no more than six months after the cause of action

8 accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a

9 written claim, and action on or rejection of the claim are conditions precedent to suit. State v.

10 Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13

11 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477

12 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege

13 compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at

14 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police

15 Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff alleges compliance. The Court will thus

16 exercise its supplemental jurisdiction over Plaintiff's negligence claims as to Defendants S. Kaur

17 and Doe 1.

18 **III.**     **Conclusion and Recommendation**

19      Plaintiff has sufficiently alleged cognizable Eighth Amendment claims against

20 Defendants S. Kaur and Doe 1. Plaintiff does not allege a cognizable Eighth Amendment claim

21 against Defendants McGuinness and Doe 2. Based on the foregoing, the Court HEREBY

22 RECOMMENDS the following:

23      1.     This action proceed on Plaintiff's third amended complaint against Defendants S.

24         Kaur and Doe 1 for violation of the Eighth Amendment and negligence; and

25      2.     Defendants McGuinness and Doe 2 are dismissed from this action for failure to

26         state a claim upon which relief may be granted.

27      These Findings and Recommendations will be submitted to the United States District

28 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

1 **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file

2 written objections with the court. The document should be captioned "Objections to Magistrate

3 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

4 within the specified time may waive the right to appeal the District Court's order. <u>Martinez v.</u>

5 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6    IT IS SO ORDERED.

7    **Dated:    March 17, 2010**              /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE