# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | 1:06-CV-01255-OWW-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY DEFENDANT **S. KAUR** SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE |
| v. | |
| ROBERT SILLEN, et al., | |
| Defendants. | (DOC. 32) |

Plaintiff Melvin Ray Brummett, Jr., ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's third complaint, filed September 2, 2009. (Doc. 21.) On June 2, 2010, the Court issued an order directing the United States Marshal to initiate service of process on Defendant S. Kaur. (Doc. 13.) The United States Marshal was unable to locate and serve Defendant Kaur, and on October 4, 2010, the USM-285 form was returned unexecuted. (Doc. 32.)

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro

1

1 se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the
2 summons and complaint and ... should not be penalized by having his action dismissed for failure
3 to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker*
4 *v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th
5 Cir. 1990)), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long
6 as the prisoner has furnished the information necessary to identify the defendant, the marshal's
7 failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers*
8 *v. United States*, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to
9 provide the Marshal with accurate and sufficient information to effect service of the summons and
10 complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14
11 F.3d at 1421-22.

12    In this instance, the information provided by Plaintiff is insufficient, as the CDC locator
13 indicates that Defendant Kaur is no longer employed at California Substance Abuse Treatment
14 Facility ("CSATF"). (Doc. 32.) Pursuant to PHCS[1], Defendant is no longer employed. (Doc. 32.)
15 If Plaintiff is unable to provide the Marshal with further information so that Defendant S. Kaur can
16 be located, the defendant shall be dismissed from the action, without prejudice.  Pursuant to Rule
17 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant S. Kaur
18 should not be dismissed from the action at this time.

19    Accordingly, based on the foregoing, it is HEREBY ORDERED that:
20    1.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall show
21         cause why Defendant S. Kaur should not be dismissed from this action; and
22    2.   The failure to respond to this order or the failure to show cause will result in
23         recommendation of dismissal of Defendant S. Kaur from this action.
24    IT IS SO ORDERED.
25    Dated:   **October 26, 2010**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court assumes that PHCS is the company at which Defendant worked, where he was then contracted to work at CSATF.

2