# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT SILLEN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-CV-01255-OWW-DLB PC<br><br>ORDER DENYING MOTIONS FOR EXTENSION OF TIME (DOCS. 34, 36)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO SERVE DEFENDANTS PURSUANT TO FEDERAL OF CIVIL PROCEDURE 4(M) (DOCS. 32, 35)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court found Plaintiff's third amended complaint cognizable against Defendants S. Kaur and Doe 1. On June 2, 2010, the United States Marshal was ordered to serve process on Defendant S. Kaur. Doc. 30. On June 8, 2010, the Marshal was ordered to serve process on Defendant Doe 1. Doc. 31. The Marshal was unable to locate Defendant S. Kaur, and on October 4, 2010, the USM-285 form was returned to the Court. Doc. 32. The Marshal was also unable to locate Defendant Doe 1, and on November 19, 2010, the USM-285 form was returned to the Court. Doc. 35.

Pending before the Court are Plaintiff's motions for extension of time, filed October 26, 2010, and December 1, 2010. Docs. 34, 36. Plaintiff requests that the Court order the United States Marshal to make a greater inquiry with the CDCR as to the locations of Defendants Kaur

1

and Doe 1.

Regarding Defendant Kaur, the USM-285 form indicates that PHCS was contacted regarding Defendant Kaur and it was determined that he was not employed there. Doc. 32. Defendant Kaur could also not be located with the CDC locator. *Id.*

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff contends that he should not be penalized if the United States Marshal fails to perform its duties. However, that is not the case in this instance. Plaintiff is unable to provide further information that would assist the Marshal with effecting service of process on Defendant Kaur. The Marshal undertook sufficient inquiry regarding Defendant Kaur's location based on Plaintiff's information. The information provided was not sufficient. The Court does not find good cause to order the Marshal to re-attempt service here.

Regarding Defendant Doe 1, the Court ordered Plaintiff to provide further information as to a description of the Defendant in order for the Marshal to effect service. Doc. 27. Plaintiff provided information as to the general appearance of Doe 1 and when and where he worked. Doc. 28. The Court ordered the Marshal to attempt service of process based on this information. Doc. 31. The Marshal contacted the office of legal affairs regarding this, and was unable to

identify him. Doc. 35. The Marshal undertook sufficient inquiry as to the identity of Doe 1, based on Plaintiff's information. The information provided was again not sufficient. The Court does not find good cause to order the Marshal to re-attempt service.

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Court has not found good cause to extend the time for service. The only Defendants remaining in this action were not served with process. The Court thus recommends dismissal of this action without prejudice.

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions for extension of time, filed October 26, 2010, and December 1, 2010, are DENIED.

Furthermore, it is HEREBY RECOMMENDED that

1. Defendants S. Kaur and Doe 1 be dismissed from this action without prejudice for Plaintiff's failure to serve defendants pursuant to Federal Rule of Civil Procedure 4(m); and

2. This action be dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 8, 2010**              /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE

3