# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | CASE NO. 1:06-CV-01255-OWW-DLB PC |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS, AND GRANTING PLAINTIFF'S REQUESTS IN PART |
| v. | |
| ROBERT SILLEN, et al., | (DOCS. 37, 38) |
| Defendants. | |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis in this civil rights action. On April 28, 2010, the Court screened Plaintiff's third amended complaint and found that he stated a cognizable claim for relief against Defendants S. Kaur and Doe 1. On June 2, 2010, the Court directed the United States Marshal to effect service of process on Defendant S. Kaur, and on June 6, 2010, the Court directed the Marshal to effect service on Doe 1. The Marshal was unable to locate and serve either Defendant, and on October 4, 2010 and November 19, 2010, the Marshal returned the USM-285 forms. Docs. 32, 35. On October 26, 2010, the Court ordered Plaintiff to show cause why Defendant S. Kaur should not be dismissed from the action for Plaintiff's failure to provide sufficient information for the Marshal to effect service. On December 1, 2010, Plaintiff filed a motion for expansion of time to have the United States Marshal effect service. Doc. 36. On December 9, 2010, the undersigned filed Findings and Recommendation recommending dismissal of this action without prejudice for Plaintiff's failure to provide sufficient information for the United States Marshal to effect

service. Doc. 37. On January 3, 2011, Plaintiff filed his objections. Doc. 38.

Plaintiff contends that the United States Marshal did not undertake sufficient inquiry as to Defendant S. Kaur's current address in order to effect service. A review of the USM-285 form returned on October 4, 2010 indicates that the Marshal inquired with PHCS and the CDC locator, and did not find that Defendant S. Kaur was currently employed. It is unclear if the Marshal made any further inquiry.

As the Court finds that the Marshal can make further inquiry with the Office of Legal Affairs for the CDCR, the Court will vacate its Findings and Recommendation recommending dismissal and will direct the United States Marshal to re-attempt service on Defendant S. Kaur one more time.

Plaintiff requests that the United States Marshal provide Plaintiff with a photo array of institutional employee photographs from January 2006 until January 2007 in order to identify Defendant John Doe l. The Court does not grant this request, as it is unclear if such a collection of photographs exists, and Plaintiff has indicated that he can identify John Doe 1 via a review of his central file. The Court will not order the Marshal to re-attempt service on John Doe 1 until Plaintiff provides further information. The Court will not dismiss John Doe 1 from this action at this time. However, Plaintiff is required to be diligent in his efforts to identify John Doe 1. Failure to do so will result in dismissal of John Doe 1 from this action.

Plaintiff also requests that the undersigned no longer be a part of this action, due to perceived delays and Plaintiff's opinion that the undersigned is negligent in adjudicating this action. The Court deals with hundreds of prisoner civil rights cases daily. Delays in adjudicating prison civil rights cases can and do occur in the Eastern District of California. The Court deals with these cases as best it can based on the judicial resources available. Plaintiff cites to no legal authority in support of his request that the undersigned no longer be assigned to this action, and it is denied.

Plaintiff also contends that the undersigned is liable pursuant to the Federal Torts Claims Act. Plaintiff is incorrect, as judges have absolute immunity from civil liability for judicial acts taken within the jurisdiction of their courts. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204

1  (9th Cir. 1988) (per curiam); *see also Tanner v. Heise*, 879 F.2d 572, 576-78 (9th Cir. 1989).

2  Accordingly, it is HEREBY ORDERED that:

3  1. The Court's Findings and Recommendation, filed December 9, 2010, is VACATED and the Court will direct the United States Marshal to effect service of process on Defendant S. Kaur by separate order; and

6  2. Plaintiff's other requests are denied.

7  IT IS SO ORDERED.

8  **Dated:   January 6, 2011**                   **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE