# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN BRUMMETT, JR., | CASE NO. 1:06-CV-01255-LJO-DLB PC |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING DEFENDANT DOE 1 |
| v. | (DOC. 35) |
| ROBERT SILLEN, et al., | PLAINTIFF'S RESPONSE DUE WITHIN FOURTEEN DAYS |
| Defendants. | |

Plaintiff Melvin Brummett, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's third amended complaint against Defendants S. Kaur and Doe 1. Defendant Doe 1 has not been served or appeared in this action.

On November 19, 2010, the United States Marshal returned the summons unexecuted as to Defendant Doe 1. Doc. 35. On January 7, 2011, the Court granted Plaintiff leave to provide additional information as to the identity of Defendant Doe 1 for the United States Marshal to effect service. Doc. 39. As of the date of this order, Plaintiff has not provided additional information.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for

1

failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Here, more than ten months have passed since the Court's January 7, 2011 Order, and Plaintiff has not provided additional information for the United States Marshal to effect service of process as to Defendant Doe 1. Accordingly, the Court HEREBY ORDERS Plaintiff to show cause why Defendant Doe 1 should not be dismissed from this action for Plaintiff's failure to provide sufficient information for the United States Marshal to effect service of process. Plaintiff is granted **fourteen (14) days** from the date of service of this order in which to show cause. Failure to respond or to otherwise show cause will result in dismissal of Defendant Doe 1 from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **November 16, 2011**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

2