1

2

3

4

5            # UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

MELVIN RAY BRUMMETT, JR.,                CASE NO. 1:06-CV-01255-LJO-DLB PC

8
              Plaintiff,                 FINDINGS AND RECOMMENDATIONS
9                                        RECOMMENDING DEFENDANT'S
    v.                                   MOTION TO DISMISS BE GRANTED
10
ROBERT SILLEN, et al.,                   (DOC. 46)
11
              Defendants.                OBJECTIONS, IF ANY, DUE WITHIN
12                                       TWENTY-ONE DAYS

13  _____/

14                    **Findings And Recommendations**

15  **I.    Background**

16          Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a prisoner in the custody of the

17  California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro

18  se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is

19  proceeding on Plaintiff's third amended complaint against Defendants S. Kaur and Doe 1 for

20  deliberate indifference to a serious medical need in violation of the Eighth Amendment, and state

21  law claim of negligence.[1]  Pending before the Court is Defendant Kaur's motion to dismiss

22  pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, filed

23  June 13, 2011.  Def.'s Mot. Dismiss, Doc. 46.  On June 28, 2011, Plaintiff filed his opposition.[2]

24  Pl.'s Opp'n, Doc. 47.  On July 5, 2011, Defendant filed the reply.  Def.'s Reply, Doc. 48.  The

25  _____

26          [1]Defendant Doe 1 has not been identified or appeared in this action.

27          [2] Plaintiff was provided with notice of the requirements for opposing an unenumerated
    Rule 12(b) motion on June 2, 2010.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003);
28  *see* Second Informational Order, Doc. 30.

                                      1

1  matter is submitted pursuant to Local Rule 230(l).

2  **II.   Summary Of Third Amended Complaint**[3]

3          Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("SATF") in

4  Corcoran, California.  Plaintiff alleges that Defendant S. Kaur had denied Plaintiff's medication

5  refill in August 9, 2009.  Plaintiff filed a 602 inmate grievance against Defendant S. Kaur.

6  Plaintiff had informed Defendant Kaur during a July 1, 2009 visit that Plaintiff had been

7  prescribed Naproxen since June 22, 2004, and had been approved for Naproxen and other

8  medications.  Defendant Kaur informed Plaintiff that she would determine whether Plaintiff's

9  Naproxen was prescribed or renewed.  Plaintiff suffered chronic pain as a result.

10         Plaintiff alleges a violation of the Eighth Amendment and the state law claim of

11 negligence.  Plaintiff requests as relief monetary damages.

12 **III.   Exhaustion Of Administrative Remedies**

13         **A.      Legal Standard**

14         Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

15 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

16 confined in any jail, prison, or other correctional facility until such administrative remedies as are

17 available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

18 administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney*

19 *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required

20 regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

21 *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

22 prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

23         Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

24 defense under which defendants have the burden of raising and proving the absence of

25 exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119.  The failure to exhaust nonjudicial

26 administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b)

27 

28         [3]  Plaintiff's claims against Defendant Doe 1 are omitted as unnecessary.

1  motion, rather than a summary judgment motion.   *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l*

2  *Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).   In

3  deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

4  beyond the pleadings and decide disputed issues of fact.   *Id.* at 1119-20.   If the Court concludes

5  that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal

6  without prejudice.   *Id.*

7      **B.     Discussion**

8          The CDCR has an administrative grievance system for prisoner complaints.   Cal. Code

9  Regs. tit. 15, § 3084.1 (2010).   The process is initiated by submitting a CDC Form 602.   *Id.* §

10  3084.2(a).   Four levels of appeal are involved, including the informal level, first formal level,

11  second formal level, and third formal level, also known as the "Director's Level."   *Id.* § 3084.5.

12  Appeals must be submitted within fifteen working days of the event being appealed, and the

13  process is initiated by submission of the appeal to the informal level, or in some circumstances,

14  the first formal level.   *Id.* §§ 3084.5, 3084.6(c).   In order to satisfy § 1997e(a), California state

15  prisoners are required to use this process to exhaust their claims prior to filing suit.   *Woodford v.*

16  *Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.   Exhaustion does not *always*

17  require pursuit of an appeal through the Director's Level of Review.   What is required to satisfy

18  exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the

19  appeal.   *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of

20  exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36

21  (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

22          Defendant contends that Plaintiff did not exhaust administrative remedies as to his claims

23  against Defendant S. Kaur, citing to Plaintiff's third amended complaint.   Def.'s Mot. Dismiss

24  3:18-22; Pl.'s Third Am. Compl. 11.[4]   Plaintiff in his opposition concedes that he did not exhaust

25  administrative remedies.   Pl.'s Opp'n 3-4.   However, Plaintiff requests that the Court provide

26  ─────────────────

27          [4] The pertinent section of the third amended complaint reads, "Plaintiff would most
   respectfully request that he could preserve his right to later Amend his Pleading to add S. Kaur as
28  a defendant after Plaintiff has Exhausted the Administrative Appeals Process."

1   Plaintiff with thirty days in which to file a fourth amended complaint to cure this deficiency. *Id.*
2   at 5.

3          Plaintiff's claims against Defendant Kaur are treated as a supplemental pleading pursuant
4   to Rule 15(d) of the Federal Rules of Civil Procedure, as they arose after the initiation of this
5   action in 2006.  PLRA exhaustion requirements are satisfied so long as Plaintiff exhausted his
6   administrative remedies with respect to his new claims asserted in his third amended complaint,
7   before he tendered that complaint to the Court for filing.  *See Rhodes v. Robinson*, 621 F.3d
8   1002, 1007 (9th Cir. 2010).  Here, however, Plaintiff admits that he did not exhaust
9   administrative remedies as to his claims against Defendant Kaur prior to filing his third amended
10  complaint.  The question remaining is whether the Court should grant Plaintiff leave to file a
11  fourth amended complaint, curing Plaintiff's deficiency of having failed to exhaust his
12  administrative remedies against Defendant Kaur prior to filing the third amended complaint.

13         Exhaustion is a prerequisite to filing suit.  *McKinney*, 311 F.3d at 1199-1201.  A prisoner
14  must exhaust his administrative remedies before he tenders his complaint to the district court.
15  *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).  Dismissal of unexhausted claims is
16  mandatory under the PLRA.  *See id.* at 1051 ("[E]xhaustion requirements are common and they
17  are routinely enforced "by dismissing a suit that begins too soon, even if the plaintiff exhausts his
18  administrative remedies while the litigation is pending.'" (quoting *Ford v. Johnson*, 362 F.3d
19  395, 398 (7th Cir. 2004))).

20         Because Plaintiff did not exhaust administrative remedies as to his claims against
21  Defendant Kaur in his third amended complaint, the Court recommends dismissal of Plaintiff's
22  claims against Defendant Kaur, without prejudice to refiling in a new action.  *Wyatt*, 315 F.3d at
23  1119-20.

24         **C.     State Law Claim**

25         Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original
26  jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the
27  action within such original jurisdiction that they form part of the same case or controversy under
28  Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under §

1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Because there are no cognizable federal claims remaining in this action, the Court recommends declining supplemental jurisdiction over Plaintiff's state law claim for negligence against Defendant Kaur.

**IV.    Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendant Kaur's motion to dismiss, filed June 13, 2011, should be granted;

2.    Plaintiff's Eighth Amendment claim against Defendant Kaur be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

3.    Supplemental jurisdiction over Plaintiff's state law claim of negligence against Defendant Kaur be declined; and

4.    Defendant S. Kaur be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    November 17, 2011**                        **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE