# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT SILLEN, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:06-CV-01255-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT DOE 1 WITHOUT PREJUDICE FOR FAILURE TO SERVE PURSUANT TO FEDERAL OF CIVIL PROCEDURE 4(M) (DOC. 50)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

## Findings And Recommendation

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court found Plaintiff's third amended complaint cognizable against Defendants S. Kaur and Doe 1.

On November 19, 2010, the United States Marshal returned the summons unexecuted as to Defendant Doe 1. Doc. 35. On January 7, 2011, the Court granted Plaintiff leave to provide additional information as to the identity of Defendant Doe 1 for the United States Marshal to effect service. Doc. 39. On November 16, 2011, the Court issued an order to show cause why Defendant Doe 1 should not be dismissed from this action for Plaintiff's failure to provide sufficient information for the United States Marshal to effect service of process. Doc. 50. As of the date of this order, Plaintiff has not provided additional information.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated

1

1  pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of
2  the summons and complaint and ... should not be penalized by having his action dismissed for
3  failure to effect service where the U.S. Marshal or the court clerk has failed to perform his
4  duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912
5  F.2d 270, 275 (9th Cir. 1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S.
6  472 (1995). "So long as the prisoner has furnished the information necessary to identify the
7  defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker*, 14
8  F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However,
9  where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to
10 effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved
11 defendants is appropriate. *Walker*, 14 F.3d at 1421-22.
12     Regarding Defendant Doe 1, on May 3, 2010, the Court ordered Plaintiff to provide
13 further information as to a description of the Defendant in order for the Marshal to effect service.
14 Doc. 27. On June 1, 2010, Plaintiff provided information as to the general appearance of Doe 1
15 and when and where he worked. Doc. 28. On June 8, 2010, the Court ordered the Marshal to
16 attempt service of process based on this information. Doc. 31. On November 19, 2010, the
17 Marshal returned the summons unexecuted. Doc. 35. According to the USM-285 form, the
18 Marshal contacted the CDCR's Office of Legal Affairs regarding Defendant Doe 1, and was
19 unable to identify him. *Id.* Plaintiff contends that the identity of Defendant Doe 1 is located in
20 Plaintiff's central file. The Court provided leave for Plaintiff to provide additional information
21 as to Defendant Doe 1's identity, and warned Plaintiff that if he was not diligent in his efforts,
22 Defendant Doe 1 would be dismissed from this action without prejudice. January 7, 2011 Order,
23 Doc. 39. More than ten months have passed since the Court's January 7, 2011 Order granting
24 Plaintiff leave to provide additional information.
25     Pursuant to Rule 4(m),
26     If a defendant is not served within 120 days after the complaint is filed, the court -
       on motion or on its own after notice to the plaintiff - must dismiss the action
27     without prejudice against that defendant or order that service be made within a
       specified time. But if the plaintiff shows good cause for the failure, the court
28     must extend the time for service for an appropriate period.

1 Fed. R. Civ. P. 4(m).  Plaintiff has not provided, nor has the Court found, good cause to extend
2 the time for service.
3    Accordingly, it is HEREBY RECOMMENDED that Defendant Doe 1 be dismissed from
4 this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).
5    These Findings and Recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one**
7 **(21) days** after being served with these Findings and Recommendations, the parties may file
8 written objections with the Court.  Such a document should be captioned "Objections to
9 Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
10 objections within the specified time may waive the right to appeal the District Court's order.
11 *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).
12    IT IS SO ORDERED.
13    Dated:   **December 12, 2011**              /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE